Rosemary M. Rivas (State Bar No. 209147)
Email: rrivas@zlk.com
**LEVI & KORSINSKY LLP**
44 Montgomery Street, Suite 650
San Francisco, California 94104
Telephone: (415) 291-2420
Facsimile: (415) 484-1294

Attorneys for Individual and Representative
Plaintiff Victor Pariso

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| VICTOR PARISO, on behalf of himself and all others similarly situated, | Case No. 3:17-cv-03557-WHA |
| Plaintiff, | **STIPULATION OF DISMISSAL AND [PROPOSED] ORDER** |
| vs. | |
| THRESHOLD PHARMACEUTICALS, INC., JEFFREY W. BIRD, BRUCE C. COZADD, DAVID R. HOFFMANN, WILFRED E. JAEGER, GEORGE G. C. PARKER, DAVID R. PARKINSON, and HAROLD E. SELICK, | |
| Defendants. | |

**WHEREAS**, on June 20, 2017, Plaintiff Victor Pariso ("Plaintiff") filed the above-captioned action (the "Action") challenging the public disclosures made in a Registration Statement on Form S-4 (the "Registration Statement") filed with the U.S. Securities and Exchange Commission (the "SEC") in connection with a proposed merger between Threshold Pharmaceuticals, Inc. ("Threshold" or the "Company") and Molecular Templates, Inc. ("Molecular") (the "Proposed Transaction");

**WHEREAS**, the Action asserts claims for violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") against Threshold and the members of the Company's Board of Directors (together with Threshold, the "Defendants");

**WHEREAS**, counsel for the parties to the Action (the "Parties") engaged in arm's-length discussions and negotiations concerning the Complaint's allegations;

**WHEREAS**, on June 27, 2017, Threshold filed an amendment to the Registration Statement containing various supplemental disclosures that Plaintiff and his counsel sought through this litigation (the "Supplemental Disclosures");

**WHEREAS**, on June 30, 2017, the amended Registration Statement was deemed effective by the SEC, at which point Threshold filed a Form 424(b)(3) Prospectus also containing the Supplemental Disclosures;

**WHEREAS**, Plaintiff believes and contends that the Supplemental Disclosures mooted the claims set forth in the Complaint by providing the Company's stockholders with the information sought therein, and that any remaining claims are so unlikely to be successful as to warrant dismissal;

**WHEREAS**, Plaintiff asserts that the prosecution of the Action caused Threshold to file the Supplemental Disclosures with the SEC and that Plaintiff's counsel have the right to seek and recover an award of attorneys' fees and expenses in connection with a claimed common benefit provided to Threshold's shareholders as a result of the filing of the Supplemental Disclosures ("Fee Award"), and Plaintiff's counsel have informed Defendants that if their claim for fees and expenses cannot be resolved through negotiations between counsel for Plaintiff and Defendants, then Plaintiff intends to petition the Court for such fees and expenses (the "Fee Application");

**WHEREAS**, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to Plaintiff or his attorneys and no promise, understanding, or agreement to give any such compensation has been made, nor have the Parties had any discussions concerning the amount of any Fee Application or Fee Award;

**WHEREAS**, all of the Defendants in the Action reserve all rights, arguments, and defenses, including the right to oppose any potential Fee Application;

**WHEREAS**, the Parties intend to meet and confer concerning the amount of any Fee Award, and, in case the Parties are unable to reach an agreement, the Parties respectfully request that this Court retain jurisdiction over the prospective Fee Application; and

**WHEREAS**, no class has been certified in the Action;

**NOW, THEREFORE**, upon consent of the Parties and subject to the approval of the Court:

1.      Plaintiff hereby voluntarily dismisses the above-captioned action with prejudice, as to himself, pursuant to Federal Rule of Civil Procedure 41(a), and the Action shall be so dismissed.  The dismissal is as to the named Plaintiff only and has no effect upon the absent members of the putative class.

2.      The Court retains jurisdiction of the Action solely for the purpose of determining Plaintiff's forthcoming Fee Application, if such Fee Application becomes necessary.

3.      To the extent that the Parties are unable to reach an agreement concerning a Fee Award and if Plaintiff intends to file a Fee Application, then the Parties shall meet and confer and contact the Court regarding a briefing schedule and hearing to present Plaintiff's Fee Application to the Court.

/ / /

/ / /

STIPULATION OF DISMISSAL AND [PROPOSED] ORDER; Case No. 3:17-cv-03557-WHA

4.     If the Parties reach an agreement concerning a Fee Award, then they will notify the Court.  Upon such notification, the Court will close the Action.

Dated: July 7, 2017                           **LEVI & KORSINSKY LLP**

                                By:   */s/ Rosemary M. Rivas*
                                      Rosemary M. Rivas
                                      44 Montgomery Street, Suite 650
                                      San Francisco, CA 94104
                                      Telephone: (415) 291-2420
                                      Facsimile: (415) 484-1294
                                      rrivas@zlk.com

                                      *Attorneys for Plaintiff*

Dated: July 7, 2017                           **COOLEY LLP**

                                By:   */s/ Peter M. Adams*
                                      Peter M. Adams
                                      4401 Eastgate Mall
                                      San Diego, CA 92109
                                      Telephone: (858) 550-6000
                                      Facsimile: (858) 550-6420
                                      padams@cooley.com

                                      *Attorneys for Defendants*


**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-1 regarding signatures, I attest under penalty of perjury that the concurrence in the filing of this document has been obtained from all signatories.

                                */s/ Rosemary M. Rivas*
                                   Rosemary M. Rivas


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Date: _____, 2017



                                _____
                                Honorable William Alsup
                                United States District Judge


3

STIPULATION OF DISMISSAL AND [PROPOSED] ORDER; Case No. 3:17-cv-03557-WHA