Rosemary M. Rivas (State Bar No. 209147)
Email: rrivas@zlk.com
**LEVI & KORSINSKY LLP**
44 Montgomery Street, Suite 650
San Francisco, California 94104
Telephone: (415) 291-2420
Facsimile: (415) 484-1294

Attorneys for Individual and Representative
Plaintiff Victor Pariso

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| VICTOR PARISO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>THRESHOLD PHARMACEUTICALS, INC., JEFFREY W. BIRD, BRUCE C. COZADD, DAVID R. HOFFMANN, WILFRED E. JAEGER, GEORGE G. C. PARKER, DAVID R. PARKINSON, and HAROLD E. SELICK,<br><br>Defendants. | Case No. 3:17-cv-03557-WHA<br><br>**SECOND STIPULATION OF DISMISSAL AND [PROPOSED] ORDER** |

1  **WHEREAS**, on June 20, 2017, Plaintiff Victor Pariso ("Plaintiff") filed the above-captioned
2  action (the "Action") challenging the public disclosures made in a Registration Statement on Form S-4
3  (the "Registration Statement") filed with the U.S. Securities and Exchange Commission (the "SEC")
4  in connection with a proposed merger between Threshold Pharmaceuticals, Inc. ("Threshold" or the
5  "Company") and Molecular Templates, Inc. ("Molecular") (the "Proposed Transaction");

6  **WHEREAS**, the Action asserts claims for violations of Sections 14(a) and 20(a) of the
7  Securities Exchange Act of 1934 (the "Exchange Act") against Threshold and the members of the
8  Company's Board of Directors (together with Threshold, the "Defendants");

9  **WHEREAS**, counsel for the parties to the Action (the "Parties") engaged in arm's-length
10 discussions and negotiations concerning the Complaint's allegations;

11 **WHEREAS**, on June 27, 2017, Threshold filed an amendment to the Registration Statement
12 containing various supplemental disclosures that Plaintiff and his counsel sought through this litigation
13 (the "Supplemental Disclosures");

14 **WHEREAS**, on June 30, 2017, the amended Registration Statement was deemed effective by
15 the SEC, at which point Threshold filed a Form 424(b)(3) Prospectus also containing the Supplemental
16 Disclosures;

17 **WHEREAS**, Plaintiff believes and contends that the Supplemental Disclosures mooted the
18 claims set forth in the Complaint by providing the Company's stockholders with the information
19 sought therein, and that any remaining claims are so unlikely to be successful as to warrant dismissal;

20 **WHEREAS**, Plaintiff asserts that the prosecution of the Action caused Threshold to file the
21 Supplemental Disclosures with the SEC and that Plaintiff's counsel have the right to seek and recover
22 an award of attorneys' fees and expenses in connection with a claimed common benefit provided to
23 Threshold's stockholders as a result of the filing of the Supplemental Disclosures ("Fee Award"), and
24 Plaintiff's counsel have informed Defendants that if their claim for fees and expenses cannot be
25 resolved through negotiations between counsel for Plaintiff and Defendants, then Plaintiff intends to
26 petition the Court for such fees and expenses (the "Fee Application");

**WHEREAS**, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to Plaintiff or his attorneys and no promise, understanding, or agreement to give any such compensation has been made, nor have the Parties had any discussions concerning the amount of any Fee Application or Fee Award;

**WHEREAS**, all of the Defendants in the Action reserve all rights, arguments, and defenses, including the right to oppose any potential Fee Application;

**WHEREAS**, the Parties intend to meet and confer concerning the amount of any Fee Award, and, in case the Parties are unable to reach an agreement, Plaintiff will make a Fee Application, to be noticed for hearing in accordance with Civil Local Rule 7-2;

**WHEREAS**, no class has been certified in the Action; and

**WHEREAS,** the Parties agree that Civil Local Rule 54-5 does not apply in this case as the Court has not entered a judgment, nor are the Parties requesting that the Court enter a judgment; Plaintiff is merely voluntarily dismissing his Action;

**NOW, THEREFORE**, upon consent of the Parties and subject to the approval of the Court:

1. Plaintiff hereby voluntarily dismisses the above-captioned action with prejudice, as to himself, pursuant to Federal Rule of Civil Procedure 41(a), and the Action shall be so dismissed. The dismissal is as to the named Plaintiff only and has no effect upon the absent members of the putative class.

2. The Court retains jurisdiction of the Action solely for the purpose of determining Plaintiff's forthcoming Fee Application, if such Fee Application becomes necessary.

3. To the extent that the Parties are unable to reach an agreement concerning a Fee Award and if Plaintiff intends to file a Fee Application, Plaintiff shall file a petition and supporting papers seeking such relief, with the hearing to be noticed in accordance with Civil Local Rule 7-2.

/ / /

/ / /

4. If the Parties reach an agreement concerning a Fee Award, then they will notify the Court. Upon such notification, the Court will close the Action.

Dated: August 17, 2017 **LEVI & KORSINSKY LLP**

By: */s/ Rosemary M. Rivas*
Rosemary M. Rivas
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 291-2420
Facsimile: (415) 484-1294
rrivas@zlk.com

*Attorneys for Plaintiff*

Dated: August 17, 2017 **COOLEY LLP**

By: */s/ Peter M. Adams*
Peter M. Adams
4401 Eastgate Mall
San Diego, CA 92109
Telephone: (858) 550-6000
Facsimile: (858) 550-6420
padams@cooley.com

*Attorneys for Defendants*

## FILER'S ATTESTATION

Pursuant to Civil Local Rule 5-1 regarding signatures, I attest under penalty of perjury that the concurrence in the filing of this document has been obtained from all signatories.

/s/ *Rosemary M. Rivas*
Rosemary M. Rivas

**PROPOSED ORDER**

Based on the foregoing stipulation and good cause being shown, the Court hereby GRANTS the parties' Stipulation. The Court hereby orders as follows:

1. The above-captioned action is dismissed with prejudice, as to himself, pursuant to Federal Rule of Civil Procedure 41(a). The dismissal is as to the named Plaintiff only and has no effect upon the absent members of the putative class.

2. The Court shall retain jurisdiction of the Action solely for the purpose of determining Plaintiff's forthcoming Fee Application, if such Fee Application becomes necessary.

3. To the extent that the Parties are unable to reach an agreement concerning a Fee Award and if Plaintiff intends to file a Fee Application, Plaintiff shall file a petition and supporting papers seeking such relief, with the hearing to be noticed in accordance with Civil Local Rule 7-2.

4. If the Parties reach an agreement concerning a Fee Award, they will notify the Court. Upon such notification, the Court will close the Action.

SO ORDERED.

Date: _____, 2017

_____
Honorable William Alsup
United States District Judge